UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCOTT R. SZELINSKI, as Special Administrator of the Estate of Shannon Szelinski, Deceased, AMIE KIELBASA-SZELINSKI, SCOTT F. SZELINSKI, and B.S., a minor,<br><br>    Plaintiffs,<br><br>    v.<br><br>HORTECH, INC., STEADFAST SHIPPING, LLC, and CLINTON BURROUGHS,<br><br>    Defendants. | CAUSE NO.: 2:20-CV-52-TLS |

**OPINION AND ORDER**

This matter is before the Court on a Stipulated Motion to Dismiss Pursuant to Settlement [ECF No. 36], filed by the parties on April 18, 2023. The parties move to dismiss this case with prejudice, with the Court retaining jurisdiction to enforce their settlement agreement and adjudicate any liens or interests. For the following reasons the Court denies without prejudice the Stipulated Motion to Dismiss.

A plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) effectively dismisses the case upon filing without further order of the court. *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). This kind of dismissal is generally without prejudice unless the parties specify otherwise. Fed. R. Civ. P. 41(a)(1)(B). Stipulations of dismissal thus provide litigants with a flexible tool to negotiate their disputes and cease litigation whenever they wish, determining for

themselves, without need to consult the court, when the litigation will terminate and whether the plaintiff will be precluded from renewing his suit at a future time.

The parties have, pursuant to Rule 41(a)(1)(A)(ii), requested that the Court dismiss this case. The motion aims to both dismiss the case with prejudice and have the Court retain jurisdiction to enforce the terms of the settlement. However, the parties' goals are incompatible. *See Indianapolis Fruit Co. v. SCI, Inc.*, No. 3:08-CV-46, 2008 WL 2626671, at *2 (N.D. Ind. June 26, 2008) ("A court cannot, on the one hand, dismiss a case with prejudice and enter final judgment, and, on the other hand, retain jurisdiction over the case to enforce settlement agreement terms."). In addition, the motion appears to be contingent upon approval of the settlement agreement by the probate court.

The Court will not retain jurisdiction to enforce a settlement agreement when the case is dismissed with prejudice. In *Kokkonen v. Guardian Life Ins. Co. of Am.*, the United States Supreme Court wrote:

> If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

511 U.S. 375, 381–82 (1994).

A "district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to

the dismissal with prejudice." *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006) (citing *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)).

The Court in *Shapo* offers two additional options for parties who seek to preclude further litigation of the claims but who nevertheless want the court to retain jurisdiction over matters that may take more time to resolve: (1) "the settlement should include a release of the plaintiff's claims, thus barring relitigation of them;" or (2) "the district court should state that judgment is being entered in order to allow the parties to enforce it and that the 'without prejudice' language shall not allow them to reopen issues resolved by the judgment." *Id*. at 646.

In *Blue Cross & Blue Shield Association v. American Express Co.*, the Seventh Circuit Court of Appeals suggested a third option for parties desirous of an early settlement. 467 F.3d 634 (7th Cir. 2006). Similar to *Shapo*, the parties in *Blue Cross* entered into a settlement that provided that the plaintiff would dismiss its suit with prejudice but that the district court would retain jurisdiction to enforce the settlement agreement in the event of its breach. The court found that this situation implied entry of a consent decree, for the settlement contemplated long-term undertakings. *See id*. at 636. The appellate court ordered the district court to promptly enter a consent decree in compliance with Rule 65(d) of the Federal Rules of Civil Procedure. *See id*. at 641.

## CONCLUSION

Accordingly, the Court hereby DENIES without prejudice the Stipulated Motion to Dismiss Pursuant to Settlement [ECF No. 36]. The Court GRANTS the parties leave to file a self-executing stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) after the parties have fully executed the terms of the settlement agreement; to file a motion to dismiss without prejudice, attaching a copy of the settlement agreement for the Court

to include in the order of dismissal and asking that the dismissal without prejudice be converted to a dismissal with prejudice upon notice of the parties of the execution of all terms of the settlement agreement; to file a motion for a consent decree under Rule 65(d); or to pursue some other resolution of this matter consistent with the parties' agreement.

The Court REAFFIRMS the trial settings, including the in-person final pretrial conference set for November 20, 2023, at 10:00 a.m. (central time), unless the parties file the necessary documentation for dismissal prior to that date.

SO ORDERED on April 19, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT